IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TILLMAN NORTH, | : | |
| Plaintiff, | : | |
| v. | : | CA 15-00009-KD-C |
| ESCAMBIA COUNTY SHERIFF'S DEPARTMENT, *et al.*, | : | |
| | : | |
| Defendants. | | |

## REPORT AND RECOMMENDATION

This action has been referred to the undersigned, in accordance with 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(R) (effective August 1, 2015), for appropriate action. For the reasons stated herein, it is **RECOMMENDED** that the Court dismiss this action based upon plaintiff's failure to prosecute this action and fully comply with the Court's order entered on March 23, 2015 (doc. 10).

The *pro se* plaintiff, Tillman North, filed a Complaint (doc. 1) and Application to Proceed *In Forma Pauperis* (doc. 2) in the Northern District of Alabama on December 4, 2014. On December 17, 2014, the Northern District transferred this matter to this Court, (doc. 4), and, on January 12, 2015, this Court entered an order requiring that the plaintiff file the form complaint and motion to proceed without prepayment of fees utilized by this Court (doc. 6). The Court ordered the plaintiff to file that form complaint and motion by January 30, 2015. (*Id.* at 1.) Furthermore, the Court specifically stated that "[f]ailure to comply with [its order] within the prescribed time or to notify the Court immediately of a change in address will result in the dismissal of this action for failure to prosecute and to obey the Court's order." (*Id.*)

After the plaintiff failed to comply with the Court's lawful order of January 12, 2015, the undersigned entered a recommendation that plaintiff's action be dismissed without prejudice for failure to prosecute this action and obey the Court's lawful order. (Doc. 8.) Plaintiff filed an objection to the recommendation on March 16, 2015 (doc. 9), prompting the undersigned to rescind the recommendation by order entered on March 23, 2015 (doc. 10). The order rescinding the recommendation, however, also instructed plaintiff to "complete and file by **April 20, 2015,** this Court's form for a complaint under 42 U.S.C. § 1983 and for a motion to proceed without prepayment of fees." (*Id.* at 1.)

> The new complaint will supersede the prior complaint. Thus, Plaintiff shall not rely upon his prior complaint. ***Failure to comply with this order within the prescribed time or to notify the Court immediately of a change in address will result in the dismissal of this action for failure to prosecute and to obey the Court's order***.
>
> The Clerk is DIRECTED to send to Plaintiff at the Escambia County jail address (see return address at Doc. 9), a form for a complaint under ¶ 1983 and for a motion to proceed without prepayment of fees.

(*Id.* at 1-2 (emphasis supplied).)

The plaintiff failed to fully comply with the Court's order entered on March 23, 2015 because although he did file the IFP form utilized by this Court on April 13, 2015 (doc. 12),[1] he has never filed a complaint utilizing this Court's § 1983 complaint form (*see* Docket Sheet). In addition to the foregoing, plaintiff has never informed the Court that he has a new address, nor has he filed a motion requesting additional time to file his court-ordered § 1983 complaint.  (*See id.*)

---

[1] Plaintiff's IFP form identified his address as the same place to which the Clerk's Office sent the Court's order entered on March 23, 2015. (*Compare* Doc. 12, at 4 (address identified as 316 Court Street, Brewton, AL 36427) *with* Doc. 9 (same address) and Docket Sheet (same address listed on the docket sheet).)

An action may be dismissed if a plaintiff fails to prosecute it or if he fails to comply with any court order. Fed. R. Civ. P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631, 82 S. Ct. 1386, 1388-1389, 8 L. Ed. 2d 734 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'").

Because the plaintiff has failed to fully comply with this Court's March 23, 2015 order, it is **RECOMMENDED** that the Court **DISMISS** this case **WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(b) due to the North's failure to prosecute this action and failure to obey this Court's lawful orders.

The Clerk is **DIRECTED** to mail a copy of this report and recommendation to the plaintiff at the address indicated in the two pleadings filed by North following entry of the initial report and recommendation. (Docs. 7 & 12.)[2]

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district

---

[2] In light of the contents of this report and recommendation, plaintiff's motion to proceed without prepayment of fees and costs (Doc. 12) is **DENIED**.

court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** this the 27th day of August, 2015.

                                s/WILLIAM E. CASSADY
                                **UNITED STATES MAGISTRATE JUDGE**